IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:00cv936-H |
| | ) | (CR. NO. 3:94cr114) |
| JEFFREY LEON JONES | ) | (WO) |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

This case is before the court on the Recommendation of the Magistrate Judge, filed on June 2, 2004, and the objection filed by Defendant Jeffrey Leon Jones ("Jones") on June 15, 2004. Upon an independent evaluation of this matter, and after careful consideration of the Recommendation and objection, the court concludes that Jones' objection is due to be sustained on the limited basis that counsel was ineffective because he made himself inaccessible during the critical time for filing an appeal when Jones was in prison and Jones' efforts to get his attorney to file a notice of appeal were totally frustrated. Such inaccessibility was the reason his attorney failed to file an appeal as requested by Jones. Consequently, the court rejects the Recommendation of the Magistrate Judge.

### II. PROCEDURAL HISTORY

After a trial by jury, which commenced on October 3, 1994, Jones was convicted on two counts of a superseding indictment for his involvement in a conspiracy to knowingly and intentionally possess with intent to distribute and to distribute cocaine and cocaine base in

violation of 21 U.S.C. §§ 841(a)(1) and 846. On February 1, 1995, Jones was sentenced to a term of imprisonment of 245 months. On February 8, 1995, Jones filed a notice of appeal. While his case was pending on appeal, Jones filed a motion for reconsideration of his sentence. This court granted a motion for resentencing as to Jones and a number of his co-defendants, and the Eleventh Circuit remanded for that purpose. After a two-day sentencing hearing held on March 7 and 8, 1996, the court did not alter Jones' prior sentence, and, thus, resentenced Jones to a term of imprisonment of 245 months.

On March 15, 1996, Jones again filed a notice of appeal. On that appeal, the Eleventh Circuit affirmed Jones' judgment of conviction on one count, but reversed the judgment of conviction on another count, and remanded for resentencing. Upon remand, on July 16, 1999, the court again sentenced Jones to a term of imprisonment of 245 months.

On July 17, 2000, Jones filed the instant motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255. On May 17, 2004, the Magistrate Judge conducted an evidentiary hearing pursuant to 28 U.S.C. § 636(b)(1)(B), after which the Magistrate Judge considered Jones' claims and recommended that Jones' § 2255 motion for relief be denied. (Doc. # 1456).

Jones filed an objection to the Recommendation, asserting that his counsel's failure to file a notice of appeal on his behalf, despite his unequivocal request that counsel do so, constitutes ineffective assistance of counsel. Jones complains that his counsel did not follow his instructions to file an appeal following the imposition of sentence on July 16, 1999.

## III. DISCUSSION

Jones' objection is premised on findings of fact made by the Magistrate Judge. The court, thus, has conducted a *de novo* review of the transcript of the evidentiary hearing at which Jones and his trial counsel testified. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made.").

The decision about taking an appeal is a fundamental decision for which the client has the ultimate authority. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Jones was represented at the sentencing hearing on July 16, 1999, by Attorney Richard Keith ("Keith").

At the evidentiary hearing held before the Magistrate Judge on May 27, 2004, Keith testified that Jones initially stated unequivocally and in open court that he wanted to appeal his sentence; however, after conversations with Assistant United States Attorney Louis Franklin ("AUSA Franklin") which occurred during the sentencing hearing, Jones was told by Keith and AUSA Franklin that, if Jones appealed, the government would cross-appeal and seek to have the court of appeals impose a mandatory life sentence. Keith testified that after these conversations with AUSA Franklin, Jones "decided that he would not appeal the conviction at that point in time." (Ev. Hr'g Tr. at 25); (see also Sentencing Hr'g Tr. at 2-4, 7-8, 13-15, 19, 21-22.)

The evidence is clear that in Keith's opinion it was not in Jones' best interest to appeal because of the possibility of a life sentence being imposed as a result of the government's cross-appeal. Given the potential harsh consequences facing Jones if he appealed, the court

3

does not question Keith's recommendation that under these circumstances Jones forfeit his right of an appeal. There is, however, a dispute between the testimony of Keith and Jones as to whether, after conversations at the courthouse with AUSA Franklin, Jones unequivocally informed Keith that he still desired to exercise his right to appeal his sentence. This court accepts the finding of the Magistrate Judge that at their final meeting immediately following the sentencing hearing, Jones did not ask Keith to file an appeal. The court, however, finds that Jones is entitled to an out-of-time appeal for a different reason.

After Jones left Montgomery following the sentencing hearing, he was transported to the prison in Atlanta, and then to Tallahassee, Florida. During this time, Jones tried to get in touch with Keith by telephone, but he had to call collect, and his calls were not accepted. His calls were to affirm that he wanted Keith to appeal. Finally, on July 29, 1999, Jones wrote Keith and told him he had been trying unsuccessfully to reach him by telephone, but he did want to appeal. Jones wrote Keith as follows:

> I am currently being held at the Tallahassee Federal Detention Center in Tallahassee, Florida. I'll be leaving hear [sic] going back to Marianna F.C.I. in about another week. I arrived here at Tallahassee FDC on July 29, 1999 from the hold-over in Atlanta.
>
> Mr. Keith, I've tried calling you at your office but no one would collect my phone calls. I only can call collect from the hold-overs I've been held at.
>
> After giving further thought to the matter concerning my appeal, I've decided that I would like for you to appeal on my behalf. Also, I would like your cooperation in sending me copies of my resentencing transcripts from the March 7-8, 1996 resentencing and the July 16, 1999 resentencing. I hope there will be no delay in sending these transcripts.

(Pl. Ex. 1, introduced at May 27, 2004 Ev. Hr'g.)

Responding to Jones' § 2255 motion, Keith first filed an affidavit that he had no communication by phone calls or letter from Jones that Jones wished to appeal until Jones filed this § 2255 motion, which was approximately a year after the hearing and the time for appeal had expired. Keith was adamant that, had Jones unequivocally expressed to him a *timely* desire to file an appeal, he would have filed an appeal. In Keith's words, "If I had gotten that instruction or phone call or some word prior to the ten days, I would have trotted right up here and filed the notice of appeal." (Ed. Hr'g Tr. at 27, 29.)

Furthermore, Keith acknowledged at the hearing before the Magistrate Judge on May 27, 2004, that "typically phone calls don't come through" at his office. (Ev. Hr'g Tr. at 25.) Further, at said hearing on May 27, Keith testified, "Typically, if a case closed and people calling from prison collect, generally speaking the secretaries don't take the collect phone calls unless it's an active case or they have been instructed to take a call." (Id. at 26.)

Based on the foregoing evidence, it is undisputed that, during the critical time when Jones still had a right of appeal, Keith's office did not accept any collect telephone calls from Jones. As to this undisputed fact, the court accepts Keith's contention that he was not advised by his office staff of any collect phone calls from Jones from prison. Moreover, Keith acknowledges his error in his affidavit and admits that he did not even learn of the existence of Jones' July 29, 1999, letter until Jones filed this § 2255 motion. When Keith was examining his file in preparation for the court evidentiary hearing on this § 2255 motion, Keith discovered that the July 29, 1999, letter was in the file, although Keith had not previously seen it. The letter apparently was placed there by someone in Keith's office

without his knowledge. The court accepts Keith's statement that he never saw Jones' letter until almost five years after it was received in his office.

Notwithstanding Keith's testimony that Keith was unaware that Jones had tried to contact him for purposes of filing a notice of appeal, it is undisputed that, during that crucial ten-day time frame, Jones' efforts to communicate with his attorney were totally frustrated. Jones' efforts from prison by telephone and letter apparently reached his attorney's office but did not reach his attorney. Consequently, the court concludes that under the facts of this case, counsel's failure to be available to give notice of appeal on Jones' behalf and Jones' inability to do anything from prison to effect an appeal constitute ineffective assistance of counsel. Cf. Howell v. Crosby, 415 F.3d 1250, 1251 (11th Cir. 1995) ("Equitable tolling is appropriate when a movant untimely files [a petition for state postconviction relief] because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."); Martin v. United States, 81 F.3d 1083, 1083-84 (11th Cir. 1996) (counsel was ineffective when he quit accepting collect calls from defendant and disregarded instructions to file notice of appeal; defendant need not show that appeal has merit). On this limited basis, the court finds that Jones is entitled to relief in the form of an out-of-time appeal.

## IV. ORDER

Accordingly, for the reasons as stated, it is ORDERED and ADJUDGED that the Recommendation of the Magistrate Judge be and is hereby REJECTED and that Jones' objection be and is hereby SUSTAINED to the extent that Jones is PERMITTED to take an

out-of-time appeal from his July 16, 1999 sentence. Jones is allowed **TEN (10) DAYS** from the date of this order to file a notice of an out-of-time appeal.

It is further ORDERED and ADJUDGED that the 28 U.S.C. § 2255 motion for relief filed by defendant Jeffrey Leon Jones be and is hereby DENIED in all other aspects.

Done this 20th day of October, 2005.

/s/ Truman M. Hobbs
SENIOR UNITED STATES DISTRICT JUDGE